PER CURIAM.
The Appellate Court Rules Committee (Rules Committee) has filed its regular-cycle report of proposed rule changes in accordance with Florida Rule Judicial of Administration 2.140(b)(4). We have jurisdiction. See art. V, § 2(a), Fla. Const.
BACKGROUND
The Rules Committee proposes amendments to existing rules 9.100(b) (Original Proceedings); 9.110(b) (Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury and Non-Jury Cases); 9.120(b) (Discretionary Proceedings to Review Decisions of District Courts of Appeal); 9.125 (Review of Trial Court Orders and Judgments Certified by the District Courts of Appeal as Requiring Immediate Resolution by the Supreme Court); 9.130 (Proceedings to Review Non-Final Orders and Specified Final Orders); 9.140 (Appeal Proceedings in Criminal Cases); 9.150 (Discretionary Proceedings to Review Certified Questions from Federal Courts); 9.160 (Discretionary Proceedings to Review Decisions of County Courts); 9.180 (Appeal Proceedings to Review Workers’ Compensation Cases); 9.190 (Judicial Review of Administrative Action); 9.200(b)(4) (The Record; Transcript(s) of Proceedings); 9.225 (Notice of Supplemental Authority); 9.370 (Amicus Curiae); 9.420 (Filing; Service of Copies; Computation of Time); and 9.800 (Uniform Citation System). The Rules Committee also proposes new rule 9.170 (Appeal Proceedings in Probate and Guardianship Cases) and new form 9.900(j) (Notice of Supplemental Authority), which corresponds to its proposed amendments to rule 9.225.
The Rules Committee proposed new and amended rules; it published the proposals for comment in accordance with rule 2.140(b)(2). Three comments were received and considered by the Rules Committee. The Florida Bar Board of Governors unanimously approved the proposals.
The Court published the proposals for comment and received four comments: one comment addressing amendments to rule 9.140; one comment addressing new rule 9.170; and two comments addressing proposed amendments to rule 9.420. The Rules Committee filed a response, which includes revised proposed amendments for rules 9.140 and 9.420, respectively.
AMENDMENTS
Oral argument was held on the proposals.[1] Having considered the Committee’s proposals, the comments, and the respons *240 es, and having heard oral argument, we adopt the new rules and the amendments, with modifications to the proposal for rule 9.140 as explained below.
Rule 9.140(d)(1)(E) (Appeal Proceedings in Criminal Cases; Withdrawal of Defense Counsel After Judgment and Sentence or After Appeal by State) is amended to recognize the recently created Office of Criminal Conflict and Civil Regional Counsel and to clarify the procedures regarding representation in criminal cases. We modify the proposed amendment because chapter 27, Florida Statutes, provides that private counsel may be appointed by court order and compensated with public funds. See § 27.40(7)(a), Fla. Stat. (2011).[2]
Accordingly, we amend the Florida Rules of Appellate Procedure as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. These amendments shall become effective on January 1, 2012, at 12:01 a.m.
It is so ordered.
CANADY, C.J. and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 9.100. ORIGINAL PROCEEDINGS
(a) [No change]
(b) Commencement; Parties. The original jurisdiction of the court shall be invoked by filing a petition, accompanied by a filing fee ifany filing fees prescribed by law, with the clerk of the court deemed to have jurisdiction. If the original jurisdiction of the court is invoked to enforce a private right, the proceeding shall not be brought on the relation of the state. If the petition seeks review of an order entered by a lower tribunal, all parties to the proceeding in the lower tribunal who are not named as petitioners shall be named as respondents.
(c)-(d) [No Change]
(e) Exception; Petitions for Writs of Mandamus and Prohibition Directed to a Judge or Lower Tribunal. When a petition for a writ of mandamus or prohibition seeks a writ directed to a judge or lower tribunal, the following procedures apply:
(1) Caption. The name of the judge or lower tribunal shall be omitted from the caption. The caption shall bear the name of the petitioner and other parties to the proceeding in the lower tribunal who are not petitioners shall be named in the caption efas respondents.
(2)-(3) [No change]
(f)-(Z) [No change]
Committee Notes
[No change]
Court Commentary
[No change]
RULE 9.110. APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS OF LOWER TRIBUNALS AND ORDERS GRANTING NEW TRIAL IN JURY AND NON-JURY CASES
(a) Applicability. This rule applies to those proceedings that
*241 (1) [No change]
(2)seek-review ■■of-orders entered in probate and guardianship matters that fínally-determine-a' right or obligation of an interested person as defined-in-the Florida Probate Code;
(3)(2) seek review of administrative action described in rules 9.030(b)(1)(C) and (c)(1)(C); and
(4)(3) seek review of orders granting a new trial in jury and non-jury civil and criminal cases described in rules 9.130(a)(4) and 9.140(c)(1)(C).
(b)-(n) [No change]
Committee Notes
[No change]
Court Commentary
[No change]
RULE 9.120. DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF DISTRICT COURTS OF APPEAL.
(a) [No change]
(b) Commencement. The jurisdiction of the supreme court described in rule 9.030(a)(2)(A) shall be invoked by filing 2 copies of a notice, accompanied by theany filing fees prescribed by law, with the clerk of the district court of appeal within 30 days of rendition of the order to be reviewed.
(c)-(f) [No change]
Committee Notes
[No change]
RULE 9.125. REVIEW OF TRIAL COURT ORDERS AND JUDGMENTS CERTIFIED BY THE DISTRICT COURTS OF APPEAL AS REQUIRING IMMEDIATE RESOLUTION BY THE SUPREME COURT
(a)-(f) [No change]
(g) Procedure When Supreme Court Accepts Jurisdiction. The jurisdiction of the supreme court attaches on rendition of the order accepting jurisdiction. If the supreme court accepts jurisdiction, it shall so order and advise the parties, the clerk of the district court, and the clerk of the lower tribunal. The clerk of the district court in possession of the record shall transfer the record in the case to the supreme court within 10 days thereafter. ■The time limitations-of the applicable jurisdictional rule-will- continue in-effect, except thatThe supreme court shall issue a briefing schedule and all papers formerly required to be filed in the district court shall be filed in the supreme court. If the supreme court denies jurisdiction, it shall so order and advise the parties and the clerk of the district court.
Committee Notes
[No change]
RULE 9.130. PROCEEDINGS TO REVIEW NON-FINAL ORDERS AND SPECIFIED FINAL ORDERS
(a) Applicability.
(l)-(2) [No change]
(3) Appeals to the district courts of appeal of non-final orders are limited to those that
(A)-(B) [No change]
(C) determine
(i)-(vi) [No change]
(vii) that, as a matter of law, a party is not entitled to absolute or qualified immunity in a civil rights claim arising under federal law; or
(viii) that a governmental entity has taken action that has inordinately burdened real property within the meaning of section 70.001(6)(a), Florida Statutes; or
(ix) the issue of forum non conve-niens.
*242 (D) [No change]
(4)-(6) [No change]
(b) Commencement. The jurisdiction to seek review of orders described in subdivisions (a)(3)-(a)(6) shall be invoked by filing 2 copies of a notice, accompanied by theany filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
(c)-(h) [No change]
Committee Notes
[No change]
RULE 9.140. APPEAL PROCEEDINGS IN CRIMINAL CASES
(a)-(c) [No change]
(d) Withdrawal of Defense Counsel after Judgment and Sentence or after Appeal by State.
(1) The attorney of record for a defendant in a criminal proceeding shall not be relieved of any professional duties, or be permitted to withdraw as defense counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until either the time has expired for filing an authorized notice of appeal and no such notice has been filed by the defendant or the state, or after the following have been completed:
(A)-(D) [No change]
(E) in publicly funded defense and state appeals, whenthe lower tribunal has entered an order appointeding the office of the public defender for the local circuit court, the district-office of criminal conflict and civil regional counsel, or private counsel as provided by chapter 27, Florida Statutes, that office, or attor-neywho-shall initially-remain counsel for the appeal until the record is transmitted to the appellate court. In publicly funded state appeals, defense counsel shall additionally file inwith the appellate court a copy of the lower tribunal’s order appointing the local public defender, the office of criminal conflict and civil regional counsel, or private counsel. In non-publicly funded defense and state appeals, retained appellate counsel shall file a notice of appearance in the appellate court, or defense counsel of record shall file a motion to withdraw in the appellate court, with service on the defendant, that states what the defendant’s legal representation on appeal, if any, is expected to be. Documents filed in the appellate court shall be served on the attorney general (or state attorney in appeals to the circuit court).
(2) [No change]
(e) [No change]
(f) Record.
(1) Service. The clerk of the lower tribunal shall prepare and serve the record prescribed by rule 9.200 within 50 days of the filing of the notice of appeal. However, the clerk shall not serve the record until all proceedings designated for transcription have been transcribed by the court reporter(s) and filed with the clerk. If the designated transcripts have not been filed by the date required for service of the record, the clerk shall file with the appellate court, and serve on all parties and any court reporter whose transcript has not been filed, a notice of inability to complete the record, listing the transcripts not yet received. In cases where the transcripts are filed after a notice from the clerk, the clerk shall prepare and file the record within 20 days of receipt of the transcripts. An order granting an extension to the court reporter to transcribe designated proceedings shall toll the time for the clerk to serve this notice or the record on appeal.
*243 (2)-(6) [No change]
(g)-(i) [No change]
Committee Notes
[No change]
Court Commentary
[No change]
RULE 9.150. DISCRETIONARY PROCEEDINGS TO REVIEW CERTIFIED QUESTIONS FROM FEDERAL COURTS
(a) Applicability. On either its own motion or that of a party, the Supreme Court of the United States or a United States court of appeals may certify one or more a questions of law to the Supreme Court of Florida if the answer is determinative of the cause and there is no controlling precedent of the Supreme Court of Florida.
(b) Certificate. The — certificate—shah containThe question(s) may be certified in an opinion by the federal court or by a separate certificate, but the federal court should provide the style of the case, a statement of the facts showing the nature of the cause and the circumstances out of which the questions of law arise, and the questions of law to be answered. The certificate shall be prepared as directed-by the federal court. — It shall be certified to the Supreme Court of Florida by the clerk of the federal court.'
(c) [No change]
(d) Briefs. The brief of the party designated by-the- federal court as the moving party shall be served within 20 days of the fihng-of-'the certificate, — Additional briefs shall be served as prescribed by- rule QJfi-QJf the Supreme Court of Florida, in its discretion, requires briefing, it will issue an order establishing the order and schedule of briefs.
(e)Costs. The costs of these proceedings shall-be-divided equally-befiveen the par-ties-unless otherwise ordered-by the eeurtrThe taxation of costs for these proceedings is a matter for the federal court and is not governed by these rules.
Committee Notes
[No change]
RULE 9.160. DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF COUNTY COURTS
(a) [No change]
(b) Commencement. Any appeal of an order certified by the county court to be of great public importance must be taken to the district court of appeal. Jurisdiction of the district court of appeal under this rule shall be invoked by filing 2 copies of a notice and a copy of the order containing certification, accompanied by theany filing fees prescribed by law, with the clerk of the lower tribunal. The time for filing the appeal shall be the same as if the appeal were being taken to the circuit court.
(c)-(j) [No change]
Committee Notes
[No change]
RULE 9.170. APPEAL PROCEEDINGS IN PROBATE AND GUARDIANSHIP CASES
(a) Applicability. Appeal proceedings in probate and guardianship cases shall be as in civil case's, except as modified by this rule.
(b) Appealable Orders. Except for proceedings under rule 9.100 and rule 9.130(a), appeals of orders rendered in probate and guardianship cases shall be limited to orders that finally determine a right or obligation of an interested person as defined in the Florida Probate Code. Orders that finally determine a right or obli *244 gation include, but are not limited to, orders that:
(1) determine a petition or motion to revoke letters of administration or letters of guardianship;
(2) determine a petition or motion to revoke probate of a will;
(3) determine a petition for probate of a lost or destroyed will;
(4) grant or deny a petition for administration pursuant to section 733.2123, Florida Statutes;
(5) grant heirship, succession, entitlement, or determine the persons to whom distribution should be made;
(6) remove or refuse to remove a fiduciary;
(7) refuse to appoint a personal representative or guardian;
(8) determine a petition or motion to determine incapacity or to remove rights of an alleged incapacitated person or ward;
(9) determine a motion or petition to restore capacity or rights of a ward;
(10) determine a petition to approve the settlement of minors’ claims;
(11) determine apportionment or contribution of estate taxes;
(12) determine an estate’s interest in any property;
(13) determine exempt property, family allowance, or the homestead status of real property;
(14) authorize or confirm a sale of real or personal property by a personal representative;
(15) make distributions to any beneficiary;
(16) determine amount and order contribution in satisfaction of elective share;
(17) determine a motion or petition for enlargement of time to file a claim against an estate;
(18) determine a motion or petition to strike an objection to a claim against an estate;
(19) determine a motion or petition to extend the time to file an objection to a claim against an estate;
(20) determine a motion or petition to enlarge the time to file an independent action on a claim filed against an estate;
(21) settle an account of a personal representative, guardian, or other fiduciary;
(22) discharge a fiduciary or the fiduciary’s surety;
(23) award attorneys’ fees or costs; or
(24) approve a settlement agreement on any of the matters listed above in (1)-(23) or authorizing a compromise pursuant to section 733.708, Florida Statutes.
(c) Record; Alternative Appendix. An appeal under this rule may proceed on a record prepared by the clerk of the lower tribunal or on appendices to the briefs, as elected by the parties within the time frames set forth in rule 9.200(a)(3) for designating the record. The clerk of the lower tribunal shall prepare a record on appeal in accordance with rule 9.200 unless the appellant directs that no record shall be prepared. However, any other party may direct the clerk to prepare a record in accordance with rule 9.200. If no record is prepared under this rule, the appeal shall proceed using appendices pursuant to rule 9.220.
(d) Briefs. The appellant’s initial brief, accompanied by an appendix as prescribed by rule 9.220 (if applicable), shall be served within 70 days of filing the notice of appeal. Additional briefs shall be served as prescribed by rule 9.210.
*245 (e) Scope of Review. The court may-review any ruling or matter related to the order on appeal occurring before the filing of the notice of appeal, except any order that was appealable under this rule. Multiple orders that are separately appealable under rule 9.170(b) may be reviewed by a single notice if the notice is timely filed as to each such order.
RULE 9.180. APPEAL PROCEEDINGS TO REVIEW WORKERS’ COMPENSATION CASES
(a) [No change]
(b) Jurisdiction.
(l)-(3) [No change]
(4) Notice of Appeal. The notice shall be substantially in the form prescribed by rule 9.900(a) or (c), and shall contain a brief summary of the type of benefits affected, including a statement setting forth the time periods involved which shall be substantially in the following form:
I hereby certify that this appeal affects only the following periods and classifications of benefits and medical treatment:
1. Compensation for.(TTD, TPD, wage loss, impairment benefits, PTD, funeral benefits, or death benefits). from.(date).to.(date).
2. Medical benefits.
3. Rehabilitation.
4. Reimbursement from the SDTF for benefits paid from.(date). to.(date).
5. Contribution for benefits paid from.(date).to.(date).
(c)-(e) [No change]
(f) Record Contents: Final Orders.
(l)-(5) [No change]
(6) Preparation — of—RecordTran-script(s) of Proceedings.
(A) Selection of Reporter by Lower Tribunal. The-lower. tribunal shall supervise the preparation-of ■ the rec-er4 — The lower-tribunal or deputy chief judge of compensation claims shall select the reporter or transcriber to prepare the-recordtranscribe any hearing(s). The deputy chief judge who makes the selection shall give the parties notice of the selection.
(B) [No change]
(C) Certification of Record Transcript by Court Reporter or Transcriber. The reporter or transcriber designated by the lower tribunal-or deputy chief judge of compensation claims shall transcribe, certify, and deliver all — necessary copiesan electronic version of the record — transcripts) to the lower-tribunal as required — ander-these rulesclerk of the office of the judges of compensation claims. The recordtranscript(s) shall be delivered in sufficient time for the lower tribunal clerk of the office of the judges of compensation claims to re-vievMncorporate transcript(s) in the recordand send it to-the-court. The reporter or transcriber shall promptly notify all parties in writing when the reeordtranscript(s) is delivered to the lower tribunalclerk of the office of the judges of compensation claims.
(D) Certification-and-Transmittal by Lower — Tribunal.—The lower tribunal shall review^-the-original- rec- or-d^-cert-ify-that-it - was prepared in accordance with -these-rules; -and w-ithin-60- days of the notice of appeal being filed transmit the-r-eGord to the court.
(E)-Copiesi — The- lower tribunal shall-provide-a copy of the record to all counsel of record and all unrepresented parties.
*246 (7) Preparation, Certification, and Transmittal of the Record. The deputy-chief judge of compensation claims shall designate the person to prepare the record. The clerk of the office of the .judges of compensation claims shall supervise the preparation of the record. The record shall be delivered to the lower tribunal in sufficient time for the lower tribunal to review the record and send it to the court. The lower tribunal shall review the original record, certify that it was prepared in accordance with these rules, and within 60 days of the notice of appeal being filed transmit the record to the court. The lower tribunal shall provide an electronic image copy of the record to all counsel of record and all unrepresented parties.
(7)(8) Extensions. For good cause, the lower tribunal may extend by no more than 30 days the time for filing the record with the court. Any further extension of time may be granted by the court.
(g)(9) Applicability of Rule 9.200. Rules 9.200(a)(3), (c), and (f) shall apply to preparation of the record in appeals under this rule.
(g)-(i) [No change]
Committee Notes
1996 Adoption. [No change]
2011 Amendments. Subdivision (b)(4) was amended to provide for the use of form 9.900(c) in appeal of non-final orders.
Subdivisions (f)(6) and (f)(7) were amended to conform to section 440.29(2), Florida Statutes, providing that the deputy chief judge, not the lower tribunal, is authorized to designate the manner in which hearings are recorded and arrange for the preparation of records on appeal. Moreover, it provides statewide uniformity and consistency in the preparation of records on appeal by incorporating electronic and other technological means to promote efficiency and cost reduction. Currently the electronic version of the transcript is the Portable Document Format (PDF).
RULE 9.190. JUDICIAL REVIEW OF ADMINISTRATIVE ACTION
(a) [No change]
(b) Commencement.
(1) An appeal from final agency action as defined in the Administrative Procedure Act, chapter 120, Florida Statutes, including immediate final orders entered pursuant to section 120.569(2)(n), Florida Statutes, or other administrative action for which judicial review is provided by general law shall be commenced in accordance with rule 9.110(c).
(2) Review of non-final agency action under the Administrative Procedure Act, including non-final action by an administrative law judge, under the Administrative Procedure Act and agency orders entered pursuant to section 120.60(6), Florida Statutes shall be commenced by filing a petition for review in accordance with rules 9.100(b) and (c).
(3) [No change]
(c) The Record.
(1) [No change]
(2) Review of Final Action Pursuant to the Administrative Procedure Act.
(A)-(E) [No change]
(F) In an appeal from an immediate final order entered pursuant to section 120.569(2)(n), Florida Statutes, the record shall be compiled in an appendix pursuant to rule 9.220 and served with the briefs.
(3)-(6) [No change]
(d) [No change]
(e) Stay Pending Review.
(1) [No change]
*247 (2) Application for Stay Under the Administrative Procedure Act.
(A) [No change]
(B) When an agency has ordered emergency suspension, restriction, or limitations of a license under section 120.60(6), Florida Statutes, or issued an immediate final order under section 120.569(2)(n), Florida Statutes, a licensee the affected party may file with the reviewing court a motion for stay on an expedited basis. The court may issue an order to show cause and, after considering the agency’s response, if timely filed, grant a stay on appropriate terms.
(C)-(D) [No change]
(3)-(4) [No change]
Committee Notes
1996 Amendment. [No change]
2000 Amendment. [No change]
2004 Amendment. [No change]
2011 Amendment. Subdivisions (b)(1) and (b)(2) were amended to clarify the procedures for seeking judicial review of immediate final orders and emergency orders suspending, restricting, or limiting a license. Subdivision (c)(2)(F) was added and subdivision (c)(2) was amended to clarify the record for purposes of .judicial review of immediate final orders.
RULE 9.200. THE RECORD
(a) [No change]
(b) Transcript(s) of Proceedings
(l)-(3) [No change]
(4) If no report of the proceedings was made, or if the transcript is unavailable, the appellanta party may prepare a statement of the evidence or proceedings from the best available means, including the appellant’sparty’s recollection. The statement shall be served on the appelleeall other parties, who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement or approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.
(c)-(g) [No change]
Committee Notes
[No change]
RULE 9.225. NOTICE OF SUPPLEMENTAL AUTHORITY
Notices of supplemental authority may be filed with the court before a decision has been rendered to call attention to decisions, rules, statutes, or other authorities that are significant to the issues raised and that have been discovered after the last brief served in the cause. The notice shall not contain argument, but may identify briefly the poiatsissues argued on appeal to which the supplemental authorities are pertinent,-but shall not contain-argument if the notice is substantially in the form prescribed by rule 9.900CÍ). Copies of the supplemental authorities shall be attached to the notice.
Committee Notes
1996 Adoption. [No change]
2011 Amendment. When filing a notice of supplemental authority, attorneys and parties are encouraged to use pinpoint citations to direct the court to specific pages or sections of any cited supplemental authority.
RULE 9.370. AMICUS CURIAE
(a)-(b) [No change]
(c) Time for Service. An amicus curiae must serve its brief no later than 510 days after the first brief, petition, or response of the party being supported is *248 servedfiled. An amicus curiae that does not support either party must serve its brief no later than §10 days after the initial brief or petition is serveáfíled. A court may grant leave for later service, specifying the time within which an opposing party may respond. The service of an amicus curiae brief does not alter or extend the briefing deadlines for the parties. An amicus curiae may not file a reply brief.
(d) [No change]
Committee Notes
[No change]
RULE 9.420. FILING; SERVICE OF COPIES; COMPUTATION OF TIME
(a) [No change]
(b) Service.
(1) By a Party or Amicus Curiae. All original papers shall be filed either before service or immediately thereafter. A copy of all documents filed under these rules shall, before filing or immediately thereafter, be served on each of the parties. The lower tribunal, before the record is transmitted, or the court, on motion, may limit the number of copies to be served.
(2) By the Clerk of Court. A copy of all orders and decisions shall be transmitted, in the manner set forth for service in rule 9.420(c), by the clerk of the court to all parties at the time of entry of the order or decision, without first requiring payment of any costs for the copies of those orders and decisions. Prior to the court’s entry of an order or decision, the court may require that the parties furnish the court with stamped, addressed envelopes for transmittal of the order or decision.
(c)-(f) [No change]
Committee Notes
[No change]
Court Commentary
[No change]
RULE 9.800. UNIFORM CITATION SYSTEM.
This rule applies to all legal documents, including court opinions. Except for citations to case reporters, all citation forms should be spelled out in full if used as an integral part of a sentence either in the text or in footnotes. Abbreviated forms as shown in this rule should be used if the citation is intended to stand alone either in the text or in footnotes.
(a)-(b) [No change]
(c) Florida Circuit Courts and County Courts.
(l)-(2) [No change]
(3)For opinions not published in Florida Supplement, cite to Florida Law Weekly Supplement: State v. Campeau, 16 Fla. L. Weekly Supp. C65 (Fla. 9th Cir.Ct. Nov. 7, 1990). If not therein, cite to the slip opinion: State v. Cam-pean, No. 90-4363 (Fla. 9th Cir.Ct. Nov. 7,1990).
(d) Florida Administrative Agencies. (Cite if not in Southern Reporter.)
(l)-(2) [No change]
(3) For-decisions of all other agencies^ Insurance Co. v. Department of Ins,, 2 F.A.L.R. 648-A (Fla. Dept. of-Insurance 1980). For decisions posted on the Division of Administrative Hearings’ website: Big Bend Hospice, Inc. v. Agency for Health Care Administration, Case No. 01-4415 CON (Fla. DOAH Nov. 7, 2002; Fla. AHCA Apr. 8, 2003).
(4) For decisions that are not posted on the Division of Administrative Hearings’ website but are reported in the Florida Administrative Law Reports: *249 Insurance Co. v. Dep’t of Ins., 2 F.A.L.R. 648-A (Fla. Dep’t of Ins. 1980).
(5) For orders that are not posted on the Division of Administrative Hearings’ website or reported in one of the above reporters: In re Town of Inglis Petition for Waiver, Final Order No. 07-0590 (Fla. PEP Apr. 12, 2007) (available from the agency clerk).
(e)-(h) [No change]
(i) Florida Rules.
Fla. R. Civ. P. 1.180.
Fla. R. Jud. Admin. 2.110.
Fla. R.Crim. P. 3.850.
Fla. R. Work. Comp. P. 4.113.
Fla. Prob. R. 5.120.
Fla. R. Traf. Ct. 6.165.
Fla. Sm. Cl. R. 7.070.
Fla. R. Juv. P. 8.070.
Fla. R.App. P. 9.100.
Fla. R. Med. 10.100.
Fla. R. Arb. 11.010.
Fla. Fam. L.R.P. 12.010.
Fla. Admin. Code R. 62D-2.014.
R. Regulating Fla. Bar 4-1.10.
Fla. Bar Found. By-Laws, art. 2.19(b).
Fla. Bar Found. Charter, art. Ill, § 3.4.
Fla. Bar Integr. R., art. XI, § 11.09.
Fla. Jud. Qual. Comm’n R. 9.
Fla. Std. Jury Instr. (Civ.) 6.4(c)601.4.
Fla. Std. Jury Instr. (Crim.) 2.03.
Fla. Std. Jury Instr. (Crim.) Robbery.
Fla. Stds. Imposing Law. Sanes. 9.32(a).
Fla. Bar Admiss. R. 3-23.1.
(j)-(p) [No change]
Committee Notes
1977 Adoption. [No change]
1992 Amendment. [No change]
2011 Amendment. Subdivision (d)(3) was revised and subdivisions (d)(4) and (d)(5) were added to reflect changes in how agencies are publishing their decisions. Section 120.53(2)(a), Florida Statutes, was revised in 2008 to allow agencies to electronically transmit their decisions to the Division of Administrative Hearings for posting on the Division’s website in lieu of publishing them in an official reporter. Additionally, recommended and final orders in cases heard by the Division are available on the Division’s website, www. doah.state.fl.us. See § 120.57(l)(m), Fla. Stat. Final orders in cases not heard by the Division or electronically submitted to the Division by an agency for posting on the Division’s website or published in a reporter should be available from the agency that issues the order.
RULE 9.900. FORMS
(a)-(i) [No change]
(l) Notice of Supplemental Authority
[[Image here]]
NOTICE OF SUPPLEMENTAL AUTHORITY
[Appellant/Petitioner] [Appellee/Respon-dent], , submits as supplemental authority the [decision/rule/statute/other authority] of _ , a copy of which is attached to this notice. The supplemental authority is pertinent to the is *250 sue on appeal identified as . and [discussed on pages . of the _ brief] [raised at oral argument].
Attorney for.(name of party) . .(address and phone number). Florida Bar No.
Committee Notes
[No change]

. There was no opposition to the proposals at oral argument.

. Section 27.40(7)(a) provides:
A private attorney appointed by the court from the registry to represent a client is entitled to payment as provided in s. 27.5304. An attorney appointed by the court who is not on the registry list may be compensated under s. 27.5304 if the court finds in the order of appointment that there were no registry attorneys available for representation for that case.