LEWIS, J.,
dissenting.
Today the majority unnecessarily expands second-tier certiorari jurisdiction far beyond the well-established parameters of Florida law to an area, and on a premise, never before recognized. In fact, this expansion is directly contrary to the entire common law history of second-tier certio-rari review in Florida. Even more troubling, the reason and basis expressed for this improper expansion is predicated upon a perceived need to allow the certification of questions or issues to district courts of appeal by circuit courts sitting in an appellate capacity with regard to matters originating in an administrative proceeding, similar to the certification of questions or issues to district courts of appeal by county courts which is provided, not by common law concepts, but by our appellate rules as authorized by the Florida Constitution. See art. V, § 4(b)(1), Fla. Const.; Fla. R.App. Pro. 9.030(b)(4)(A). The common sense mechanism for resolving this *728 asserted problem would be to simply authorize administrative agencies, or the circuit courts that review their decisions on appeal, the ability to certify questions to the district courts through the promulgation of appellate rules similar to those governing the ability of county courts to certify questions to the district courts. Instead of employing our rulemaking authority to solve this alleged problem with even the Florida Rules of Appellate Procedure pending here for consideration for amendment at the same time, see In re Amendments to the Florida Rules of Appellate Procedure (Three-Year Cycle), 75 So.3d 239 (Fla.2011), the majority unnecessarily eviscerates over one hundred years of well-grounded, well-established jurisprudence with regard to second-tier certiorari review. This Court has never extended certiorari in the manner asserted by the majority here, and the majority fails to provide any authority to support its creation of this new, unprecedented common law right to a second appeal. This distortion also indiscriminately confuses the Florida Constitution’s classification of “matters of great public importance,” and dangerously blows open the door, carefully guarded by this Court for the last century, to an inundation of appeals cloaked under the veil of second-tier certiorari review. Further, today’s decision will destabilize Florida’s delicate judicial ladder, opening the flood gates of second appeals to our already overworked and overburdened district courts of appeal as described by those appellate courts. Accordingly, I dissent.
The majority decision states that “[t]he option of certification of a question to the district court is not presently available, either by rule or statute, for a circuit court hearing an appeal of an administrative decision,” majority op. at 725, as a reason to disregard existing Florida law. The logical solution to this perceived dilemma in the eyes of the majority would be to give “circuit court[s] hearing an appeal from an administrative decision” “[t]he option of certification of a question to the district court.” Majority op. at 725. As evidenced by the promulgation of Florida Rule of Appellate Procedure 9.030(b)(4)(A), which gives district courts the ability to review “final orders of the county court ... that the county court has certified to be of great public importance,” we have the authority to fill this procedural gap by utilizing our authority to promulgate rules of appellate procedure, which have been pending before us for review at the same time. See In re Amendments to the Florida Rules of Appellate Procedure (Three-Year Cycle); see also art. V, § 4(b)(1), Fla. Const. ([District courts] may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court.)
The majority claims that a “district court should not grant relief merely because it disagrees with the precedent from another district court.” Majority op. at 725. This, however, is already happening based on this case. In Bowers v. State, 23 So.3d 767, 771 (Fla. 2d DCA 2009), approved, 87 So.3d 704 (Fla.2012), the Second District relied on the decision which the majority affirms to specifically state:
We recognize that by relying on [Ferrer v. State, 785 So.2d 709 (Fla. 4th DCA 2001) ], the circuit court applied existing precedent from another district. Nevertheless, we grant certiorari relief on the basis that Ferrer misapplied the fellow officer rule and should, be rejected. See Dep’t of Highway Safety & Motor Vehicles v. Nader, 4 So.3d 705 (Fla. 2d DCA 2009).
We therefore grant the petition for certiorari, certify conflict with Femr v. State, 785 So.2d 709 (Fla. 4th DCA 2001), quash the circuit court’s opinion, and remand with directions to affirm the *729 county court order granting the motion to suppress.
(Emphasis supplied.) This demonstrates facially how the majority rule has already expanded.
Finally, the very structure of the majority’s decision represents a disregard for this Court’s precedent with regard to second-tier certiorari review. The threshold question in any case is whether the court in question has jurisdiction over the matter. Here, the majority addresses the Second District’s jurisdiction over the matter only after addressing the merits, representing its marginalization of the issue. The majority is really concerned with the substantive issue and is willing to find a way around the jurisdictional block.
Secondly, by equating the constitutional concept of certifying “matters of great public importance” with the theory used in this case, which was a court simply in disagreement with a decision in another case, standards have now been clouded. Long ago, this Court possessed “appellate jurisdiction in all cases at law and in equity originating in Circuit Courts.” Art. V, § 5, Fla. Const. (1885). However, in 1957, the Florida Constitution was amended to define this Court as one of limited jurisdiction. See art. V, § 4(2), Fla. Const. (1957). Through this amendment, Florida citizens articulated a clear intent to remove from this Court jurisdiction over matters in which the Court merely disagrees with a decision below. Instead, the amended 1957 Florida Constitution delineated specific circumstances in which this Court possesses jurisdiction, one of which is a matter certified to be of “great public importance.” See art. V, § 3(b)(4), Fla. Const.[6] It is this same language that exists in the Florida Rules of Appellate Procedure, which allows county courts to certify final orders, otherwise appealable to the circuit court, which the county court has certified to be of “great public importance.” Fla. R.App. P. 9.030(b)(4)(A). Today, the majority destroys the special status given to matters of “great public importance,” allowing district courts to review any matter they choose, regardless of how trivial those matters may be. If the limitations on this Courts jurisdiction, unequivocally articulated in article V of the Florida Constitution, are to have any significance whatsoever, matters of “great public importance” must be fundamentally exceptional and rise above ordinary issues that constitute mere disagreement. Today’s decision unnecessarily blurs the line between issues of great public importance and ordinary legal disputes, marginalizing the distinct status constitutionally reserved exclusively for matters of great public importance.
Today’s decision unwisely replaces one perceived problem with an even bigger problem. Instead of narrowly crafting a mechanism for true matters of great public importance to reach a district court of appeal, the majority distorts that special classification by effectively granting each district court unfettered discretion to involve itself in matters with which it merely disagrees. In light of the unparalleled disregard for this Court’s well-established precedent with regard to second-tier cer-tiorari review that jeopardizes our already overburdened court system, I dissent.

. The 1957 revisions to the Florida Constitution referenced "question[s] ... of great public interest,” which was changed to “question[s] ... of great public importance” through the 1980 revisions. See Fla. S.J.R. 20-C (Spec. Sess. 1979).