659 So.2d 352 (1995)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Deborah S. SHONYO, Respondent.
No. 94-04436.
District Court of Appeal of Florida, Second District.
May 31, 1995.
*353 Enoch J. Whitney, Gen. Counsel and Jill Tavlin Swartz, and Kim Feigin, Asst. General Counsels, Miami, for petitioner.
Kerry E. Mack, Englewood, for respondent.
PER CURIAM.
The State Department of Highway Safety and Motor Vehicles seeks certiorari review of an order of the circuit court which overturned a hearing officer's determination upholding the suspension of Deborah S. Shonyo's driving privileges. We grant the petition and quash the lower court order.
At the formal hearing authorized by section 322.2615(6), Florida Statutes (1993), the hearing officer based the decision to uphold Shonyo's suspension on the probable cause affidavit of the arresting deputy which included a description of certain of Shonyo's actions as witnessed by another officer.
On certiorari review, the circuit court held that although the hearing officer could rely on information supplied pursuant to the "fellow officers" rule[1] at the suspension hearing, hearsay statements attributable to another officer which were contained in the affidavit could not be considered. On that basis, the circuit court found that the probable cause requirements of section 322.2615(7)(b)1, Florida Statutes (1993), had not been met.
The circuit court has erroneously interpreted the requirements of that statute as to what proof must be presented at a suspension hearing. The hearing officer was only required to determine if the arresting deputy had probable cause to believe Shonyo committed the act for which she was arrested. The fellow officers rule allows the arresting officer to assume that probable cause to arrest a suspect exists when he relies upon the representations of an officer who has firsthand knowledge of events. Therefore, the facts of this case are sufficient to meet the probable cause requirements of the statute.
Accordingly, the petition is granted, the writ is issued, the circuit court order which overturns the determination of the hearing officer is hereby quashed. The hearing officer's determination suspending Shonyo's driving privileges is reinstated.
PATTERSON, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.
NOTES
[1] See generally Carroll v. State, 497 So.2d 253, 259 (Fla. 3d DCA 1985), review denied, 511 So.2d 297 (Fla. 1987) (arresting officer not required to have firsthand knowledge to constitute probable cause but may rely upon the strength of a directive or bulletin on a suspect and assume probable cause exists to arrest).