785 So.2d 709 (2001)
Jeff FERRER, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D00-3047.
District Court of Appeal of Florida, Fourth District.
May 23, 2001.
Alan H. Schreiber, Public Defender, and Donald J. Cannarozzi, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for respondent.
*710 DELL, J.
Jeff Ferrer seeks certiorari review of an opinion of the circuit court, sitting in its appellate capacity, that affirmed his conviction and sentence for driving under the influence of alcohol and/or a controlled substance. We deny the petition and approve the circuit court's opinion.
The State charged Petitioner with driving under the influence. He filed a motion to suppress "any and all evidence obtained as the result of an illegal stop." In his motion, he stated that an Officer Claremont had stopped his car after he (Claremont) was dispatched to look for an impaired driver. According to Petitioner, because Officer Claremont did not see him drive his automobile in a manner warranting investigation, he effected his traffic stop for use of an expired tag. After the stop, Deputy Vila, Broward County DUI Task Force, arrived on the scene to assist Officer Claremont. Vila tested Petitioner for use of alcohol or drugs and arrested him for driving under the influence.
Petitioner argued in his motion to suppress that Officer Claremont lacked sufficient grounds to stop him because the tip did not furnish a valid basis for the stop. He further argued that the stop was pretextual. The State subpoenaed Officer Claremont, but he did not appear at the hearing on Petitioner's motion to suppress. That hearing was continued. Officer Claremont again failed to appear at the second hearing and the trial court heard only Deputy Vila's testimony.
The trial court overruled Petitioner's hearsay objection to Deputy Vila's testimony that Officer Claremont informed him of a tip that he received from a valet driver who had observed a man driving a vehicle in an intoxicated state and his testimony that Officer Claremont told him that he saw Petitioner driving with an expired tag. Vila also testified that when he arrived on the scene, he observed Petitioner's red, bloodshot eyes and a strong odor of alcoholic beverage on his breath. Vila arrested Petitioner after he conducted roadside sobriety tests. Vila did not testify that he had observed an expired tag on Petitioner's car.
Petitioner argued that the evidence of his intoxication should be suppressed because without Officer Claremont's testimony, there was insufficient evidence to support the validity of the stop. He further argued that the trial court could not rely solely on the hearsay evidence of what Officer Claremont told Deputy Vila. The trial court denied the motion to suppress. Thereafter, Petitioner pled no contest to the charge and reserved the right to appeal the denial of his motion to suppress. The trial court granted Petitioner's motion to find his motion to suppress dispositive. Petitioner then appealed his adjudication and sentence to the circuit court, sitting in its appellate capacity. The circuit court affirmed the judgment and sentence based on its finding that under "the fellow officer rule," Officer Claremont's knowledge and information had been properly imputed to Deputy Vila in making the arrest.
In his Petition to this Court, Ferrer argues that the circuit court's application of the "fellow officer" doctrine or rule denied him his constitutional right to confront a critical witness at the motion to suppress hearing. He further argues that he was entitled to cross-examine Officer Claremont to determine the motivation behind the stop because Claremont did not witness Petitioner driving as if impaired and could not corroborate the tip from the valet. Finally, Petitioner contends that he had the right to confront Officer Claremont concerning when he saw the license tag and if, in fact, the license tag was expired.
*711 Notwithstanding that Officer Claremont's interest in Petitioner arose from the valet's tip, Officer Claremont told Deputy Vila that he ultimately stopped Petitioner for an expired tag. This was Deputy Vila's testimony at the motion to suppress hearing. As noted by this court in Huebner v. State, 731 So.2d 40 (Fla. 4th DCA 1999), "[t]he `fellow officer' rule or doctrine `operates to impute the knowledge of one officer in the chain of investigation to another'". Id. at 44 (quoting State v. Evans, 692 So.2d 216, 218 (Fla. 4th DCA 1997)). An "arresting officer is not required to have sufficient firsthand knowledge to constitute probable cause. It is sufficient if the police officer initiating the chain of communication ... had firsthand knowledge." Id. (quoting Crawford v. State, 334 So.2d 141, 142 (Fla. 3d DCA 1976)). Thus, the fact that Deputy Vila did not testify that he had first-hand knowledge of Petitioner's expired tag is not fatal to the validity of the stop. See also United States v. Maza, 93 F.3d 1390 (8th Cir.1996); United States v. Boyce, 797 F.2d 691 (8th Cir.1986).
Petitioner argues that the issue of whether the knowledge and grounds for his stop could be imputed to Deputy Vila under the "fellow officer" doctrine is distinct from the issue of whether Petitioner has been unlawfully deprived of the right to confront a critical witness at the motion to suppress hearing, namely Officer Claremont. In State v. Sigerson, 282 So.2d 649 (Fla. 2d DCA 1973), the court held that a hearing on a motion to suppress "is a critical stage of the prosecution and the confrontation clause of the Sixth Amendment to the U.S. Constitution guarantees an accused in a criminal case the right to confront the witnesses against him." Id. at 651. See also Wayne R. LaFave, Search and Seizure, (3rd Ed.1996, West Pub. Co.) Sec. 11.2(d) (citing United States v. Hodge, 19 F.3d 51 (D.C.Cir.1994)(suppression hearing is a critical stage of the prosecution)); State v. Ehtesham, 172 W.Va. 584, 309 S.E.2d 82 (W.Va.1983)(suppression hearing should be a meaningful hearing, at which both the state and defendant should be afforded the opportunity to produce evidence and to examine and cross-examine witnesses; defendant's right denied where judge refused opportunity to cross-examine officer who obtained the search warrant).
In Boyce, the defendant argued at his suppression hearing that he was deprived of his right to cross-examine the witnesses against him because a law enforcement officer other than the officer who made the stop and arrest testified as to the circumstances of the stop. The court rejected the claim and wrote:
... [t]he right of confrontation does not apply to the same extent at pretrial suppression hearings as it does at trial. `[T]he interests at stake in a suppression hearing are of a lesser magnitude than those in the criminal trial itself. At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial.' United States v. Raddatz, 447 U.S. 667, 679, 100 S.Ct. 2406, 2414, 65 L.Ed.2d 424 (1980); United States v. Matlock, 415 U.S. 164, 172-74, 94 S.Ct. 988, 993 995, 39 L.Ed.2d 242 (1974)....
In an analogous context, the Supreme Court has declared that a defendant is not deprived of his Sixth Amendment right to confrontation at a pretrial hearing where the arresting officers testify as to what eyewitness informants told them about the defendant's activities. McCray v. Illinois, 386 U.S. 300, 312-13, 87 S.Ct. 1056, 1063-64, 18 L.Ed.2d 62 (1967); Cooper v. California, 386 U.S. 58, 62 n. 2, 87 S.Ct. 788, 791 n. 2, 17 *712 L.Ed.2d 730 (1967); See United States v. Diaz, 685 F.2d 252, 255 (8th Cir.1982); United States v. Merritt, 695 F.2d 1263, 1269-70 (10th Cir.1982), cert. denied, 461 U.S. 916, 103 S.Ct. 1898, 77 L.Ed.2d 286 (1983). We see no principled basis on which to distinguish cases involving hearsay statements of informants from those involving hearsay statements of an arresting officer.
Id. at 693. Likewise, in United States v. Maza, 93 F.3d 1390 (8th Cir.1996), the court rejected the defendant's argument to suppress the evidence against him because the government failed to call as witnesses the officers who actually made the stops. The court noted: "Appellants took advantage of their right to cross examine the agent [who was assigned to the case], and the district court found the agent's testimony credible. Because the appellants have not pointed us to anything that would cast serious doubt on this finding, we decline to question the district court's finding." Id. at 1396.
Further, the court in People v. Edwards, 95 N.Y.2d 486, 719 N.Y.S.2d 202, 741 N.E.2d 876 (N.Y.2000), commented that:
A police witness at a suppression hearing may establish probable cause by personal knowledge, as well as by information supplied by fellow officers or private citizens (citations omitted). The People are not required "to produce any particular witness, provided they sustain their burden of coming forward with evidence showing that there was probable cause for the arrest." (Citations omitted.) ...
As a counterbalancing principle, the defendant has a right to cross-examine the People's witnesses at the suppression hearing (citations omitted). Thus, in the ordinary case where a police officer has obtained evidence from a third person providing probable cause, the defendant has the opportunity to question the officer about the third person's identity, relationship to the crime, basis of knowledge, past relationship to the police and criminal history. The defendant is thus able to raise any appropriate question about the officer's testimony to the suppression court.
Id. at 878-879. The Edwards court refers to the defendant's right to cross-examine the officer who obtains information from a third-party, such as a fellow officer, which in the present case would be Deputy Vila. Petitioner makes no claim that he was deprived of a full and fair opportunity to cross-examine Deputy Vila.
In Lara v. State, 464 So.2d 1173 (Fla. 1985), the court did not directly address the question of a defendant's right to cross-examination in a motion to suppress hearing. We note, however, that the court held, inter alia, that hearsay evidence which established that the murder victim's boyfriend consented to the search of the victim's apartment was properly admitted at the suppression hearing even though the boyfriend was unavailable for cross-examination.
Accordingly, we hold that Deputy Vila's hearsay testimony, admitted under the fellow officer rule, was sufficient to validate Officer Claremont's initial stop of Petitioner's car. We further hold that Petitioner's Sixth Amendment right to confrontation of witnesses against him was not violated at the motion to suppress hearing. Accordingly, we deny the petition.
CERTIORARI DENIED.
WARNER, C.J. and GUNTHER, J., concur.