FULMER, Judge.
In this second-tier certiorari proceeding, Michelle Bowers seeks review of the circuit court’s opinion reversing the county court’s order granting her motion to suppress. We grant Bowers’ petition for writ of certiorari and remand for the circuit court to affirm the county court’s order.
Following a traffic stop on March 27, 2007, Bowers was arrested and charged in county court with the misdemeanor offenses of possession of marijuana, possession of paraphernalia, and driving under the influence (DUI). She filed a motion to suppress all evidence obtained during a search of her vehicle following the stop. She argued that the stop was illegal because it was not founded upon probable cause that she had committed a traffic infraction and thus the warrantless search of her vehicle was also illegal.
The county court held an evidentiary hearing on Bowers’ motion. The officer who performed the stop of Bowers’ vehicle, Officer Suskovich, did not appear for the hearing, despite the fact that he had been subpoenaed by the State. The State called Officer Tracy, who performed the DUI investigation and arrested Bowers, but who was neither involved in nor present at the scene of the stop of Bowers’ vehicle. Officer Tracy arrived at the scene after Bowers’ vehicle was already stopped. Therefore, he never observed Bowers’ driving, and his understanding of the reason she was stopped was based solely on what Officer Suskovich told him.
Bowers’ counsel raised a hearsay objection to Officer Tracy testifying as to what Officer Suskovich told him. The State responded that Officer Tracy’s testimony was admissible under the fellow officer rule. Defense counsel disagreed. The county court overruled the objection and permitted Officer Tracy to testify as to what Officer Suskovich told him was the basis for the stop of Bowers’ vehicle. Bowers also testified and gave her account of the events leading up to the stop. At the conclusion of the hearing, the county judge made comments reflecting that he *769 was troubled by the inability to get clarification about details of the stop from Officer Suskovich. The judge expressed difficulty in reaching a decision about whether the officer had a reasonable basis to believe that Bowers committed a traffic infraction. The county court concluded the hearing by stating that the evidence would be suppressed. A written order was entered granting Bowers’ motion without explanation.
The State appealed the suppression order to the circuit court. The circuit court issued an opinion reversing the county court’s order. The circuit court found that Officer Tracy’s testimony regarding Officer Suskovich’s statements was admissible under the fellow officer rule and concluded that the county court’s decision to grant the motion to suppress was not supported by competent, substantial evidence or the law.
In considering Bowers’ petition for writ of certiorari, we must determine whether the circuit court afforded the parties procedural due process and whether it departed from the essential requirements of law. Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000); Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995).
[T]he departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than a simple legal error. A district court should exercise its discretion to grant certiorari review only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.
Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003). Clearly established law may derive from various sources including recent controlling case law, rules of court, statutes, and constitutional law. Id. at 890.
Bowers argues that the circuit court departed from the essential requirements of law by concluding that Officer Tracy’s testimony was properly admitted under the fellow officer rule and by reweighing the evidence to reach a different conclusion than the county court with respect to the validity of the stop. We conclude that the circuit court applied the wrong law in determining that Officer Tracy’s testimony was admissible. Because the only evidence presented by the State to meet its burden of proving a valid stop was the erroneously admitted testimony of Officer Tracy, the county court’s order granting Bowers’ motion to suppress must be affirmed. Our quashal of the circuit court’s opinion on the admissibility issue of Officer Tracy’s testimony renders moot the arguments on the issue of reweighing the evidence.
Officer Tracy’s testimony as to what Officer Suskovich told him about Bowers’ driving was hearsay and as such was not admissible to prove that Officer Suskovich witnessed Bowers’ violating a traffic law. See §§ 90.801(l)(c), 90.802, Fla. Stat. (2008). The circuit court relied on Ferrer v. State, 785 So.2d 709 (Fla. 4th DCA 2001), to conclude that Officer Tracy’s hearsay testimony was admissible under the fellow officer rule. Ferrer was wrongly decided because it misapplies the fellow officer rule to circumvent the hearsay rule of evidence.
The fellow officer rule provides a mechanism by which officers can rely on their collective knowledge to act in the field. Under this rule, the collective knowledge of officers investigating a crime is imputed to each officer and one officer may rely on the knowledge and information possessed by another officer to establish probable cause. See Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. *770 560, 568, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); State v. Maynard, 783 So.2d 226, 229 (Fla.2001); Strickroth v. State, 963 So.2d 366, 368 n. 1 (Fla. 2d DCA 2007) (“ ‘[T]he collective knowledge of police investigating a crime is imputed to each member ....”’) (quoting Johnson v. State, 660 So.2d 648, 657 (Fla.1995)); State v. Boatman, 901 So.2d 222, 224 (Fla. 2d DCA 2005) (“[T]he rule operates to impute the knowledge of one officer in the chain of investigation to another.”). “It can involve direct communications between officers who have sufficient information and the officer who stops the suspect, or it can involve general communications among officers of whom at least one possesses the required level of suspicion.” Strickroth, 963 So.2d at 368 n. 1.
Under the rule, one officer may rely on the knowledge and information possessed by another officer to establish probable cause for an arrest for a felony or misdemeanor offense, Boatman, 901 So.2d at 224, or to establish probable cause for a search, State v. Peterson, 739 So.2d 561, 567 (Fla.1999). See also Dep’t of Highway Safety & Motor Vehicles v. Porter, 791 So.2d 32, 35 (Fla. 2d DCA 2001) (concluding that Deputy Watson had probable cause to believe that Porter had operated his vehicle while intoxicated based on his observations of Porter together with information from another deputy that Porter had been driving the vehicle); Dep’t of Highway Safety & Motor Vehicles v. Shonyo, 659 So.2d 352, 353 (Fla. 2d DCA 1995) (“The fellow officer[] rule allows the ar resting officer to assume that probable cause to arrest a suspect exists when he relies upon the representations of an officer who has firsthand knowledge of the events.”).
The fellow officer rule is not a rule of evidence. It does not change the rules of evidence. And, it is not one of the enumerated exceptions to the hearsay rule.
In its opinion, the circuit court states:
The fellow officer rule, which is sometimes referred to as the collective knowledge doctrine, is premised on the theory that the collective knowledge of police investigating a crime is imputed to each member of the investigation. Dewberry v. State, 905 So.2d 963, 967 (Fla. 5th DCA 2005). “An ‘arresting officer is not required to have sufficient firsthand knowledge to constitute probable cause. It is sufficient if the police officer initiating the chain of communication ... had firsthand knowledge.’ ” Ferrer v. State, 785 So.2d 709, 711 (Fla. 4th DCA 2001).
While these recitals are correct statements of law regarding the fellow officer rule, the circuit court, as did the Ferrer court, misapplied the rule. The issue raised in Bowers’ motion to suppress was not whether there was probable cause for Officer Tracy to conduct a DUI investigation and make an arrest but rather whether there was probable cause for Officer Suskovich to stop Bowers. At that point of the traffic stop, there was no “investigative chain” during which collective knowledge was imputed to Officer Suskovich to provide probable cause for the traffic stop. Officer Suskovich was the sole officer with any knowledge leading up to and culminating in the traffic stop. Officer Suskovich did not rely on any knowledge or information possessed by Officer Tracy or any other officer to establish probable cause to stop Bowers. The fact that Officer Tracy was called to the scene after the stop was completed for the purpose of performing a separate DUI investigation does not make him a fellow officer for purposes of determining whether there was probable cause to support the traffic stop.
*771 In Ferrer, the Fourth District similarly misapplied the fellow officer rule. Ferrer was charged with DUI and filed a motion to suppress the evidence obtained as the result of an illegal traffic stop. 785 So.2d at 710. The State subpoenaed the officer who made the stop, Officer Claremont, to testify at the suppression hearing. When Officer Claremont failed to appear, over Ferrer’s hearsay objection, the trial court permitted Deputy Vila, who arrived after the stop, to testify as to Officer Clare-mont’s statements regarding the stop. Id. Officer Claremont told Deputy Vila that he stopped Ferrer after observing Ferrer driving with an expired tag. Id.
Ferrer argued that evidence of his intoxication should be suppressed because Officer Vila’s hearsay testimony was insufficient to establish a valid stop. Id. The trial court denied Ferrer’s motion, and the circuit court affirmed, finding that Officer Claremont’s knowledge was properly imputed to Deputy Vila under the fellow officer rule. Id. Again, the probable cause determination in dispute centered around Officer Claremont’s initial stop and not on any actions taken by Deputy Vila which were dependant on knowledge imputed to him.
We recognize that by relying on Ferrer the circuit court applied existing precedent from another district. Nevertheless, we grant certiorari relief on the basis that Ferrer misapplied the fellow officer rule and should be rejected.[1] See Dep’t of Highway Safety & Motor Vehicles v. Nader, 4 So.3d 705 (Fla. 2d DCA 2009).
We therefore grant the petition for cer-tiorari, certify conflict with Ferrer v. State, 785 So.2d 709 (Fla. 4th DCA 2001), quash the circuit court’s opinion, and remand with directions to affirm the county court order granting the motion to suppress.
Petition granted, conflict certified, opinion quashed and remanded with directions.
SILBERMAN, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.

. Ferrer's reliance on federal cases that allow hearsay evidence in suppression hearings is also misplaced. In United States v. Boyce, 797 F.2d 691, 693 (8th Cir.1986), .the court explained that Federal Rule of Evidence 104(a) authorizes the use of hearsay in suppression hearings. Rule 104(a) provides:
(a) Questions of admissibility generally. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges.
The Ferrer opinion cites United States v. Maza, 93 F.3d 1390 (8th Cir.1996), which relies on Boyce. However, Boyce and Maza are not applicable here because ''[tjhere is no counterpart to rule 104(a) in the Florida Evidence Code.” Romani v. State, 542 So.2d 984, 986 (Fla.1989) (rejecting federal approach concerning what proof is required to establish a conspiracy where that approach relies on federal rule 104(a)). Section 90.105(1), Florida Statutes (2008), is similar to federal rule 104(a) but omits the one sentence that the court relies upon in Boyce. Section 90.105(1) provides that "[e]xcept as provided in subsection (2), the court shall determine preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence.” Thus, we conclude that the federal cases cited in Ferrer are governed by a different eviden-tiary rule and do not support the circuit court’s decision in this case.