PER CURIAM.
We have for review the decision of Bowers v. State, 23 So.3d 767 (Fla. 2d DCA 2009), in which the Second District Court of Appeal certified conflict with the decision of the Fourth District Court of Appeal in Ferrer v. State, 785 So.2d 709 (Fla. 4th DCA 2001). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. The conflict issue involves the application of the fellow officer rule to testimony in a motion to suppress hearing where the defendant is challenging the validity of a traffic stop. We hold that the fellow officer rule does not allow an officer who does not have firsthand knowledge of the traffic stop and was not involved in the investigation at that time to testify as to hearsay regarding what the initial officer who conducted the stop told him or her for the purpose of proving a violation of the traffic law so as to establish the validity of the initial stop. For the reasons explained below, we approve Bowers and disapprove Ferrer.
FACTS
On March 27, 2007, after a traffic stop, Michelle Bowers was arrested and charged in county court with the misdemeanor of *706 fenses of possessing marijuana, possessing drug paraphernalia, and driving under the influence (DUI). Bowers, 23 So.3d at 768. Bowers filed a motion to suppress all evidence obtained during the search that followed the stop, claiming that the stop was illegal because it was not based upon probable cause that she had committed a traffic infraction. Id.
The county court held an evidentiary hearing on the motion to suppress, but the officer who performed the initial stop did not appear for the hearing. Id. The State called as a witness a second officer to testify because the second officer had performed the DUI investigation and subsequent arrest, even though that officer was not present at the scene during the initial stop of the vehicle. Id. The Second District noted that the second officer “never observed Bowers’ driving, and his understanding of the reason she was stopped was based solely on what [the initial officer] told him.” Id. Bowers’ counsel raised a hearsay objection to the second officer testifying as to what the initial officer told him, and the State responded that the second officer’s testimony was admissible under the fellow officer rule. Id. Although the county court overruled the defense’s objection, the trial court was troubled by its inability to obtain clarification about the details of the stop and ultimately granted Bowers’ motion to suppress. See id. at 768-69.
The State appealed the suppression order to the circuit court, which reversed the order of the county court. Id. at 769. The circuit court found that the arresting officer’s testimony regarding what another officer told him was admissible under the fellow officer rule and further “concluded that the county court’s decision to grant the motion to suppress was not supported by competent, substantial evidence or the law.” Id. As to the admissibility of the arresting officer’s testimony to establish the traffic violation, the circuit court expressly relied on Ferrer v. State, 785 So.2d 709, 711 (Fla. 4th DCA 2001), in which the Fourth District held that the fellow officer rule does not require an arresting officer to have firsthand knowledge of an initial traffic stop in order to be able to testify with regard to the circumstances surrounding that stop. Bowers, 23 So.3d at 769-70.
Bowers petitioned the Second District for second-tier certiorari review of the circuit court decision. See id. at 768. The Second District granted the petition and, after reviewing Florida cases setting forth the fellow officer rule and reviewing the rules of evidence, the court held that “Ferrer was wrongly decided because it misapplies the fellow officer rule to circumvent the hearsay rule of evidence.” Id. at 769.
In Ferrer, one officer stopped Ferrer’s car for a traffic violation involving an expired tag. Ferrer, 785 So.2d at 710. After the stop, a second officer arrived at the scene and tested Ferrer for use of alcohol or drugs and ultimately arrested him for driving under the influence. Ferrer filed a motion to suppress “any and all evidence obtained as the result of an illegal stop,” challenging the initial traffic stop, not the DUI arrest. Id. The State subpoenaed the officer who initially stopped Ferrer, but that officer failed to attend the suppression hearing. Id.
The hearing was continued, and despite being subpoenaed a second time, the officer who stopped Ferrer once again failed to appear. Id. During the suppression hearing, the county court heard testimony only from the officer who arrived after the vehicle had already been stopped. Id. Although testifying that the initial officer told him that he observed Ferrer driving with an expired tag, the second officer did *707 not testify that he had personally observed an expired tag on Ferrer’s car. Id. Ferrer argued that the evidence of his intoxication should be suppressed because there was insufficient evidence to support the validity of the stop. Id. Ferrer claimed that the county court could not rely exclusively on the hearsay evidence of what the initial officer told the second. Id. The county court denied the motion to suppress, and the circuit court affirmed the order, based on its finding that, under the fellow officer rule, the initial officer’s knowledge had been imputed to the second officer when he made the arrest. See id.
On petition for second-tier certiorari review, the Fourth District denied the petition, holding that the second officer’s hearsay testimony was properly admitted under the fellow officer rule and sufficient to validate the initial officer’s stop of Ferrer’s vehicle. See id. at 712. After determining that Ferrer was wrongly decided, the Second District in Bowers quashed the circuit court and certified conflict with Ferrer. Bowers, 23 So.3d at 771.
ANALYSIS
The certified conflict issue requires us to determine whether the fellow officer rule allows an officer who was not involved in the initial traffic stop or in the investigation at the time of the stop to testify about the basis for the initial stop during an evidentiary suppression hearing in order to establish probable cause for the initial stop. In Ferrer, the Fourth District extended the fellow officer rule to allow this hearsay testimony in a suppression hearing to support probable cause for the initial stop; in Bowers, the Second District disagreed, expressly holding that the fellow officer rule was never intended to be a rule of evidence that allows for the admission of hearsay evidence under these circumstances.
Background of the Fellow Officer Rule
The Second District in Bowers accurately set forth the purpose of the fellow officer rule as a rule developed to assist officers investigating in the field to make arrests and conduct searches:
The fellow officer rule provides a mechanism by which officers can rely on their collective knowledge to act in the field. Under this rule, the collective knowledge of officers investigating a crime is imputed to each officer and one officer may rely on the knowledge and information possessed by another officer to establish probable cause. See Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 568, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); State v. Maynard, 783 So.2d 226, 229 (Fla.2001); Strickroth v. State, 963 So.2d 366, 368 n. 1 (Fla. 2d DCA 2007) (“ ‘[T]he collective knowledge of police investigating a crime is imputed to each member....’”) (quoting Johnson v. State, 660 So.2d 648, 657 (Fla.1995)); State v. Boatman, 901 So.2d 222, 224 (Fla. 2d DCA 2005) (“[T]he rule operates to impute the knowledge of one officer in the chain of investigation to another.”). “It can involve direct communications between officers who have sufficient information and the officer who stops the suspect, or it can involve general communications among officers of whom at least one possesses the required level of suspicion.” Strickroth, 963 So.2d at 368 n. 1.
Under the rule, one officer may rely on the knowledge and information possessed by another officer to establish probable cause for an arrest for a felony or misdemeanor offense, Boatman, 901 So.2d at 224, or to establish probable cause for a search, State v. Peterson, 739 So.2d 561, 567 (Fla.1999).
Bowers, 23 So.3d at 769-70. In other words, an officer in the field may need to *708 act immediately based upon what he or she is told by a fellow officer. However, the Second District correctly recognized that the fellow officer rule is “not a rule of evidence.” Id. at 770.
Although the fellow officer rule is said to have its origin in the United States Supreme Court opinion of Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), in that case, the fellow officer rule did not provide the basis for the Court’s ruling. Instead, the Court found that the arrest was not supported by probable cause and rejected a probable cause standard for warrantless arrests that would be less than the standard for warrants. See id. at 566, 568, 91 S.Ct. 1031. The actual arrest was made by an officer based on information received through a radio bulletin. Id. at 563, 91 S.Ct. 1031. While not questioning the authority of officers in the field to make arrests based on information supplied by other officers, the Supreme Court cautioned:
Certainly police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause. Where, however, the contrary turns out to be true, an otherwise illegal arrest cannot be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest.
Id. at 568, 91 S.Ct. 1031.
This Court first had occasion to discuss the fellow officer rule in a case where there had been a valid arrest warrant issued but where the officer who actually made the arrest had no knowledge of that warrant. See Johnson v. State, 660 So.2d 648 (Fla.1995). The Court framed the issue narrowly as “whether an officer who himself lacks any personal knowledge to establish probable cause, who has not been directed to effect an arrest, and who does not know a valid warrant has been issued nevertheless can lawfully arrest a suspect.” Id. at 657 (footnote omitted). Although the Court discussed the fellow officer rule in the context of collective knowledge of the police investigating a crime, the Court also concluded that the existence of a valid warrant prior to arrest was sufficient to justify the arrest. See id. at 657-58.
In State v. White, 660 So.2d 664, 667 (Fla.1995), issued on the same day as Johnson, this Court held that the fellow officer rule does not shield impermissible searches or seizures from the exclusionary rule if the collective information does not support a lawful search or seizure. The Court clarified that “[t]he rule does not function ‘solely permissively, to validate conduct otherwise unwarranted; the rule also operates prohibitively, by imposing on law enforcement the responsibility to disseminate only accurate information.’ ” Id. (quoting People v. Ramirez, 34 Cal.3d 541, 194 Cal.Rptr. 454, 668 P.2d 761, 765 (1983)).
Johnson and White both discussed the fellow officer rule in the context of arrests, but neither reached the issue of whether the rule applies to search warrants as well. In State v. Peterson, 739 So.2d 561, 564-67 (Fla.1999), this Court addressed the issue of whether the fellow officer rule could be applied to information in a search warrant regarding the reliability of a confidential informant. Specifically, in obtaining a search warrant, Officer NeSmith provided the court with an affidavit in which Officer NeSmith asserted that he obtained information from a reliable confidential informant who had provided information previously to law enforcement on at least twenty prior occasions regarding *709 illegal activities that were proven to be true. Id. at 56B. The defendant subsequently challenged the search warrant affidavit on the basis that Officer NeSmith, as the affiant, did not have personal knowledge as to the confidential informant’s reliability, even though Officer NeSmith relied on other officers’ prior interactions with the informant, as well as his own prior interactions. Id.
The Court explained that the fellow officer rule is a constructive knowledge rule and that the affiant need not have personal knowledge of the informant’s veracity if another officer working in connection with the affiant has such knowledge. Id. at 564-65, 567. We stated the rationale behind this rule as follows: “In light of the need for efficient law enforcement, this finding is both practical and necessary, because it allows reliable informants to be utilized by more than one officer.” Id. at 567 (citing People v. Lopez, 95 A.D.2d 241, 465 N.Y.S.2d 998, 1002-03 (N.Y.App.Div.1983)). However, the Court stressed it was important that the officer applying for the search warrant was aware of the informant’s previous dealings with law enforcement officers at the time he made the representations in the affidavit. Id. Thus, an “unknowing officer cannot rely on the ‘fellow officer’ rule simply because the officer finds out after the fact that the informant had previously provided reliable information to the police.” Id. at 568 (emphasis added). In Peterson, we recognized that without Officer NeSmith’s knowledge of the informant’s prior dealings with other officers at the time he submitted the affidavit, he could not have established the informant’s reliability within the affidavit. Id.
Accordingly, as applied in Florida, the fellow officer rule provides that if an officer relies on a chain of evidence to formulate the existence of probable cause for an arrest or a search and seizure, the rule does not require the officer to possess personal knowledge of each link in the chain of information if the collective knowledge of all the officers supports a finding of probable cause. The rule allows an officer to testify to a previous link in the chain for the purpose of justifying his or her own conduct. See, e.g., State Dep’t of Highway Safety & Motor Vehicles v. Porter, 791 So.2d 32, 35 (Fla. 2d DCA 2001) (concluding that the deputy had probable cause to believe that the driver had operated his vehicle while intoxicated based on his observations of the driver together with information from another deputy that the driver had been driving the vehicle); State Dep’t of Highway Safety & Motor Vehicles v. Shonyo, 659 So.2d 352, 353 (Fla. 2d DCA 1995) (“The fellow officers rule allows the arresting officer to assume that probable cause to arrest a suspect exists when he relies upon the representations of an officer who has firsthand knowledge of the events.”). However, this is not the same as permitting an officer to testify as to knowledge that another officer possessed in order to justify the other officer’s conduct.
Ferrer and Bowers
Although our prior cases involved whether the collective knowledge of fellow officers could support a search or an arrest, none of the cases addressed whether the fellow officer rule could be used as an evidentiary tool to circumvent otherwise inadmissible hearsay testimony. In both Ferrer and Bowers, the initial traffic stop was made by one officer and then another officer made the arrest for DUI after testing the defendant for use of drugs and alcohol.. The issue in both cases was not the DUI arrest but the validity of the initial traffic stop. In both Ferrer and Bowers, the police officer whose observations formed the basis for the initial stop *710 failed to attend the suppression hearing. The State then called the arresting officer to testify as to what the initial officer told him was the basis for the stop. In both cases, the defendants made timely hearsay objections to the introduction of the testimony of the second officer who did not participate in the traffic stop.
Hearsay is out-of-court testimony “offered in evidence to prove the truth of the matter asserted.” § 90.801(l)(c), Fla. Stat. (2007); see also Breedlove v. State, 413 So.2d 1, 6 (Fla.1982) (“Hearsay is an out-of-court statement, other than one made by a declarant who testifies at the trial or hearing, offered in court to prove the truth of the matter contained in the statement.”). No exception to the hearsay rule exists that would allow one officer, who did not participate in the decision to stop the defendant, to testify as to what another officer told him was the reason for the traffic stop in a case challenging the validity of the initial stop and to allow that testimony to be admitted in evidence for the truth of the matter.
In Bowers, the Second District recognized that “[t]he issue raised in Bowers’ motion to suppress was not whether there was probable cause for [the second officer] to conduct a DUI investigation and make an arrest but rather whether there was probable cause for [the initial officer] to stop Bowers.” Bowers, 23 So.3d at 770. The court also noted that the initial officer was the only officer that possessed any relevant knowledge with regard to the initial traffic stop and that the second officer did not contribute any relevant information with regard to the stop, correctly holding as follows:
At [the] point of the traffic stop, there was no “investigative chain” during which collective knowledge was imputed to Officer Suskovich to provide probable cause for the traffic stop. Officer Sus-kovich was the sole officer with any knowledge leading up to and culminating in the traffic stop. Officer Suskovich did not rely on any knowledge or information possessed by Officer Tracy or any other officer to establish probable cause to stop Bowers. The fact that Officer Tracy was called to the scene after the stop was completed for the purpose of performing a separate DUI investigation does not make him a fellow officer for purposes of determining whether there was probable cause to support the traffic stop.
Id.
Specifically, Officer Tracy was called to testify as to whether Officer Suskovich possessed probable cause at the time that Officer Suskovich initiated the stop. However, at the time of the stop, Officer Tracy had no knowledge as to the information that Officer Suskovich possessed when the stop was initiated. Officer Tracy was not involved at that time in an ongoing investigation of Bowers; he was not present at the time of the stop and did not witness Bowers’ driving — he learned the relevant information after the fact, when he arrived to perform a DUI investigation and arrest.
As this Court stressed in Peterson, another “unknowing” officer cannot rely on the fellow officer rule simply because the officer finds out relevant information possessed by another officer “after the fact.” Peterson, 739 So.2d at 568. Here, Officer Tracy learned of the information after he became involved in the investigation, which occurred subsequent to the challenged stop. Thus, Officer Tracy cannot testify as to information that Officer Suskovich told him as a basis for determining the validity of the initial stop.
Our ruling is consistent with our precedent and the purpose of the fellow officer rule. The fellow officer rule has *711 been applied by this Court only to instances where the officer is testifying as to the details of a search or seizure in which the officer was a direct participant. If an officer relies on a chain of evidence to formulate his or her belief as to the existence of probable cause for a search or seizure, the rule excuses the officer from possessing personal knowledge of each link in the chain of evidence if the collective knowledge of all the officers involved supports a finding of probable cause. In short, the rule allows an officer to testify with regard to a previous link in the chain for the purpose of justifying his or her own conduct.
This Court has never applied the fellow officer rule, as the Fourth District did in Ferrer, to allow an officer who had no firsthand knowledge of the reasons for the stop and was not yet involved in the investigation to testify regarding what the initial officer told him in order to establish the validity of the initial stop. To do so would be inconsistent with the rationale and holding articulated in Peterson. Moreover, we reject the State’s argument that Lara v. State, 464 So.2d 1173, 1177 (Fla.1985), set forth a broad rule that hearsay is always admissible in a motion to suppress hearing.
CONCLUSION
For the reasons addressed above, we conclude that not only was Ferrer wrongly decided but that it departed from our precedent in Peterson, which stressed the limits of the fellow officer rule. We disapprove the decision of the Fourth District in Ferrer and approve the decision of the Second District in Bowers. Our holding recognizes the need for efficient, practical law enforcement while still ensuring the full protection of the defendant’s constitutional rights.
It is so ordered.
CANADY, C.J., and PARIENTE, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
LEWIS, J., dissents with an opinion.