LEWIS, J.,
specially concurring.
The majority is correct in its contention that “the writ of certiorari cannot be used simply because strong policy reasons support interlocutory review,” and that, if such strong policy reasons exist, this Court should “direct that the categories of ap-pealable non-final orders be expanded by amendment to the rules [of appellate procedure] and not by expanding the use of the common law writ of certiorari[,]” even though a majority of this Court has done so in the past. Majority Op. at 353; see Nader v. Florida Dep’t of Highway Safety & Motor Vehicles, 87 So.3d 712 (Fla.2012). *358 The majority expresses today the exact position I articulated in my dissenting opinions in Nader, 87 So.3d at 727-29 (Lewis, J., dissenting), and State v. Bowers, 87 So.3d 704, 711-12 (Fla.2012) (Lewis, J., dissenting). I now reiterate once again that the proper mechanism for the expansion of the scope of interlocutory review is not to eviscerate one hundred years of well-grounded, common law jurisprudence regarding certiorari review. See Nader, 87 So.3d at 728 (Lewis, J. dissenting). Rather, the scope of certiorari review must be carefully restricted to the parameters placed on it by the common law. See Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092-93 (Fla.2010) (articulating the common law requirements that a party must meet before a district court may grant a petition for writ of certiorari).
The common law requirements for cer-tiorari review mandate a denial of a petition for writ of certiorari that seeks to correct the existence of a mere legal error or an interpretation of the correct law. See id. The proper exercise of certiorari review is to remedy a grievous error equal to a miscarriage of justice, i.e., a deprivation of procedural due process, or to rectify the application of the incorrect law. See id. Thus, any expansion of the scope of interlocutory or non-final review beyond these common law parameters should be limited to the specific circumstances articulated in our appellate rules, or to the proper exercise of another common law writ.
The constitutional limitations imposed on certiorari review also stabilize the “delicate judicial ladder” created by our constitution. See Nader, 87 So.3d at 728 (Lewis, J., dissenting). To ignore them would not only be an unprincipled disservice to our constitution, but, pragmatically, would open the floodgates of interlocutory appeals to our already overworked and overburdened district courts of appeal. Thus, I again emphasize that the “common sense mechanism” to resolve the limited scope of certiorari review of interlocutory orders is for this Court to promulgate appellate rules that permit certain limited non-final review; not to eradicate the well-established, limited scope of certiorari review imposed under the common law and required by our constitution. See Nader, 87 So.3d at 727-28 (Lewis, J., dissenting); see art. V, § 2(a), Fla. Const. The careful consideration given to potential amendments to the appellate rules would result in well-crafted, limited interlocutory review. This would help prevent both the corruption of the common law and an inundation of appeals fallaciously cloaked under the veil of traditional certiorari review, and give proper credence to the limitations placed on our appellate courts by our constitution. See Nader, 87 So.3d at 728 (Lewis, J., dissenting).
Therefore, for the aforementioned reasons, I implore this Court, as well as our district courts of appeal, to follow the common law requirements for certiorari review both now and in the future, as reflected in our decision today.
Accordingly, I concur.