ORFINGER, J.
Croix Michael Carter appeals his convictions for possession of cocaine and possession of cannabis with intent to sell or deliver. Carter argues that the trial court should have granted his motion to suppress because the State failed to prove that the police had reasonable suspicion to stop his vehicle. We agree and reverse.
Orlando Police Officer Reinaldo Rivero, the only witness to testify at the suppression hearing, was on patrol with Officer Frank Sikos when they pulled over Carter’s vehicle. Officer Rivero testified that “we saw ... the vehicle c[o]me to a stop sign. It didn’t stop before making a turn.” On cross-examination, Officer Rivero candidly admitted that he could not recall if he personally observed the traffic infraction, testifying:
Q: Who was driving the [police] vehicle?
A: Officer [Sikos],
[[Image here]]
Q: And did you write a report about the events as they unfolded that evening?
A: Yes, sir.
Q: All right. And did you personally observe the vehicle run the stop sign?
A: I don’t recall.
Q: Okay. Because you’ve read your report. It seems to indicate it was Officer [Sikos] who saw that. Does that refresh your recollection?
A: I remember the language in the report, sir, but I don’t remember if I put that we observed it or if Officer [Sikos] observed it. I don’t recall.
Q: So you don’t recall today whether you observed this vehicle run the stop sign, correct?
A: At this time, no, sir, I don’t recall.
Based solely on this testimony, the trial court denied the motion to suppress, finding there was reasonable suspicion to pull over Carter’s vehicle for failing to come to a complete stop.
Orders on motions to suppress come with a presumption of correctness, and all reasonable inferences and deductions from the evidence should be construed in support of the order. E.g., Kelly v. State, 77 So.3d 818, 821 (Fla. 4th DCA 2012). In reviewing an order on a motion to suppress, an appellate court is bound by the trial court’s findings of fact that are supported by competent, substantial evidence; however, the application of the law to the facts is reviewed de novo. E.g., Pagan v. State, 830 So.2d 792, 806 (Fla.2002); State v. Thomas, 109 So.3d 814, 817 (Fla. 5th DCA 2013). “Competent, substantial evidence has been defined as ‘such evidence as will establish a substantial basis of fact from which the fact at issue can reasonably be inferred.’” C.M. v. Dep’t of Children & Families, 823 So.2d 182, 183 (Fla. 5th DCA 2002) (quoting Duval Util. Co. v. Fla. Pub. Serv. Comm’n, 380 So.2d 1028, *209 1031 (Fla.1980)). Substantial evidence must be something more than a “mere iota or scintilla,” must have real probative value, and must be “real, material, pertinent and relevant.” Rahyns v. State, 752 So.2d 617, 620 (Fla. 4th DCA 1999).
To make a valid traffic stop, law enforcement must have a reasonable suspicion that a traffic violation has occurred. See Dep’t of Highway Safety & Motor Vehicles v. Roberts, 938 So.2d 513, 514 (Fla. 5th DCA 2006). Reasonable suspicion is a less demanding standard than probable cause in that reasonable suspicion can arise from information that is less reliable than that required to show probable cause. Still, like probable cause, reasonable suspicion depends on both the content of information that law enforcement possesses and its degree of reliability. Both quantity and quality of information are considered in the “totality of the circumstances — the whole picture,” that must be taken into account when evaluating whether there is reasonable suspicion. Alabama v. White, 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990) (quoting United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). Here, there was no competent, substantial evidence to support the trial court’s finding that the officers had reasonable suspicion. While Officer Rivero testified that “we” saw Carter’s vehicle roll through a stop sign, on further questioning, he candidly admitted that he could not recall observing the* traffic infraction himself, and he did not testify to what information, if any, he received from Officer Sikos.
As the State argues, the “fellow officer” rule allows one officer’s observations to provide a reliable basis for a traffic stop initiated by another officer who receives that information. Observations of fellow law enforcement officers engaged in a common investigation are plainly a reliable basis for initiating a traffic stop. United States v. Ventresca, 380 U.S. 102, 110, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). Certainly, Officer Rivero would have been justified in relying on Officer Sikos’s observations, if those observations had been communicated to him. E.g., State v. Peterson, 739 So.2d 561, 564-65 (Fla.1999). This is especially true for “a search or seizure in which the officer was a direct participant.” State v. Bowers, 87 So.3d 704, 710-11 (Fla.2012). Still, the rule can only justify the traffic stop “if the collective knowledge of all the officers involved supports a finding” of reasonable suspicion. Id. at 711. Such a finding must be based on competent, substantial evidence. Thomas, 109 So.3d at 817. An officer can testify in a suppression hearing as to his own knowledge and information received from other reliable sources, such as fellow officers. Bowers, 87 So.3d at 710; see Reed v. State, 114 So.3d 969, 970 n. 4 (Fla. 5th DCA 2012) (noting that suppression hearing was flawed in part because officer observing traffic infraction did not testify); see also State v. Adderly, 809 So.2d 75, 75-77 (Fla. 4th DCA 2002) (reversing suppression in part because officer who witnessed vehicle run stop sign actually testified at suppression hearing). However, that did not occur here. In this case, Officer Rivero received no information from Officer Sikos (or, at least, did not testify as to any) and could not recall seeing the traffic violation. Consequently, there was no competent, substantial evidence to support the trial court’s order validating the stop and subsequent search. Therefore, we reverse Carter’s convictions based upon the erroneous denial of the dispositive motion to suppress.
REVERSED and REMANDED.
TORPY, C.J., and PALMER, J., concur.