# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D17-2537

———————————————

AIVARAS MARDOSAS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

October 3, 2018

PER CURIAM.

Following an extended online investigation that utilized a file-sharing software tool known as "BitTorrent Roundup," members of the Tallahassee Police Department's Internet Crimes Against Children Task Force arrived at a home in Leon County armed with a search warrant and seized, among other items, Appellant's computer and hard drive. Afterwards, Appellant was charged by Information with 421 counts of aggravated possession of child pornography pursuant to sections 827.071(5)(a) and 775.0847(2), Florida Statutes (2014). Appellant filed a motion to suppress the evidence obtained as a result of the search warrant, which the trial court denied. Ultimately, Appellant entered a plea of no contest,

expressly reserving the right to appeal the trial court's dispositive ruling on his motion to suppress.[1]

After carefully reviewing the record, we affirm the trial court's ruling that the search warrant did not lack probable cause. *See State v. Williams*, 46 So. 3d 1149 (Fla. 1st DCA 2010). We acknowledge that the officer in charge of the investigation was unable, personally, to view the video containing the child pornography—which he knew from his investigation had been downloaded onto Appellant's hard drive—but, instead, in his affidavit for search warrant, utilized a graphic description of the same video given by another detective who had personally viewed the video, which description he was able to acquire from a law enforcement database maintained by the National Center for Missing and Exploited Children. We hold that any flaw due to the lead investigator's lack of personal knowledge of the video was cured by the rationale underlying the "fellow officer rule." *See State v. Bowers*, 87 So. 3d 704 (Fla. 2012).[2] We also find that the

---

[1] This appeal was timely filed within thirty days of the rendition of the written order imposing Appellant's sentence. *See* Fla. R. App. P. 9.140(b)(3). Furthermore, the record unquestionably demonstrates that Appellant reserved the right to appeal the trial court's admittedly dispositive order, as permitted by Florida Rule of Appellate Procedure 9.140(2)(i).

[2] In *Bowers*, the Florida Supreme Court held:

The fellow officer rule has been applied by this Court only to instances where the officer is testifying as to the details of a search or seizure in which the officer was a direct participant. If an officer relies on a chain of evidence to formulate his or her belief as to the existence of probable cause for a search or seizure, the rule excuses the officer from possessing personal knowledge of each link in the chain of evidence if the collective knowledge of all the officers involved supports a finding of probable cause. In short, the rule allows an officer to testify with regard to a previous link in the chain for the purpose of justifying his or her own conduct.

2

case of *United States v. Cartier*, 543 F.3d 442 (8th Cir. 2008), is factually and logically persuasive, and hold that it is supportive of our ultimate conclusion that the trial court did not err in denying Appellant's motion to suppress.

AFFIRMED.

MAKAR, OSTERHAUS, and JAY, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Zilvinas Mardosas of Mardosas Law, PLLC, West Palm Beach, for Appellant.

Pamela Jo Bondi, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Appellee.

––––––––––––––––––

87 So. 3d at 710-11.