NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAN CARLO VALERO,                           )
DOC #Y38307,                                )
                                            )
            Appellant,                      )
                                            )
v.                                          )        Case No.  2D18-912
                                            )
STATE OF FLORIDA,                           )        Traveling with: 2D18-914 &
                                            )                        2D18-915
            Appellee.                       )
_____)

Opinion filed July 10, 2019.

Appeal from the Circuit Court for Lee
County; Bruce E. Kyle, Judge.

Howard L. Dimmig, II, Public Defender,
and Richard Sanders, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Jeffrey H. Siegal,
Assistant Attorney General, Tampa, for
Appellee.


SILBERMAN, Judge.

            Jan Carlo Valero seeks review of his judgment and sentence for driving on

a suspended license as a habitual traffic offender.  He argues that the trial court erred in

denying his motion to suppress because the deputy who stopped his vehicle did not

have a reasonable suspicion of criminal activity. However, the deputy had a reasonable basis to conclude that Valero was driving on a suspended license based on two recent arrests of Valero for the same offense. Accordingly, we affirm.

At the suppression hearing, Deputy Pierson testified that he stopped Valero's vehicle on October 31, 2017, based on his suspicion that Valero was driving with a suspended license. Deputy Pierson explained that he had stopped Valero for traffic infractions two times within the past eleven months: December 25, 2016, and July 19, 2017. On both dates, the stop resulted in the deputy arresting Valero for driving on a suspended license as a habitual traffic offender.

Valero argued that the deputy's information was stale because the deputy had not been in contact with Valero for over three months at the time of the latest stop. The trial court rejected this argument based on a finding that the original suspension would have been for five years and each of the subsequent arrests could have resulted in additional five-year suspensions. The court concluded that Deputy Pierson had a reasonable suspicion that Valero's license was still suspended at the time of the latest stop.

In reviewing a ruling on a motion to suppress, appellate courts must accord a presumption of correctness to the trial court's ruling on the facts. Moody v. State, 842 So. 2d 754, 758 (Fla. 2003). However, the question of whether an officer has reasonable suspicion of criminal activity is a mixed question of law and fact that must be independently reviewed. Id.

"Reasonable suspicion is a less demanding standard than probable cause in that reasonable suspicion can arise from information that is less reliable than that

required to show probable cause." Carter v. State, 120 So. 3d 207, 209 (Fla. 5th DCA 2013).  However, officers may not act "on a hunch or mere suspicion" of illegal activity. Moody, 842 So. 2d at 758.  And it is possible for facts that provide a reasonable suspicion of illegal activity to become stale due to the passage of time.  Id. at 757.  In determining the issue of staleness, courts consider the totality of the circumstances.  Id. at 759.

There is no bright-line rule for determining how long of a time lapse will make an officer's knowledge that a defendant is driving with a suspended license stale. Id. at 758.  The Florida Supreme Court has concluded that a one-to-three-year lapse made the information stale.  See id.  And the district courts have held that a lapse of four to five weeks did not.  See Stone v. State, 856 So. 2d 1109, 1112 (Fla. 4th DCA 2003); State v. Leyva, 599 So. 2d 691, 693 (Fla. 3d DCA 1992).  There do not appear to be any Florida cases addressing lapses between those two time periods.

However, several federal and out-of-state courts have concluded that lapses of between three-and-a-half and five months did not make an officer's information stale.  See United States v. Woods, 385 F. App'x 914, 917 (11th Cir. 2010) (unpublished opinion); United States v. Pierre, 484 F.3d 75, 84 (1st Cir. 2007); Anderson v. State, 592 S.E.2d 910, 913 (Ga. Ct. App. 2004); State v. Halvorson, 997 P.2d 751, 753 (Mont. 2000); Shiflett v. Commonwealth, 622 S.E.2d 758, 761 (Va. Ct. App. 2005).  In three of these cases, the appellate courts' determination of staleness involved consideration of not only the amount of the time lapse but whether and to what extent the defendant's license could have been restored in the meantime.  See Woods, 385 F. App'x at 917; Anderson, 592 S.E.2d at 912-13; Shiflett, 622 S.E.2d at 761.

In Anderson for example, the Court of Appeals of Georgia upheld a November 2002 stop of a defendant when there was a lapse of four months between the last time the deputy confirmed that the defendant's license was suspended and the time of the stop. 592 S.E.2d at 913. The deputy had previously seen the defendant driving with a suspended license in 2001. Id. at 911. In the summer of 2002, the deputy confirmed the defendant's license was still suspended. Four months later, in November 2002, the deputy pulled the defendant over for driving without a valid license. Id. at 912. The defendant produced a license during the stop that revealed that it had just been reinstated two weeks earlier.

In considering whether the deputy's knowledge of the defendant's license suspension was stale, the appellate court explained that the applicable statute provided for a license suspension of between six months and five years depending upon the number of previous convictions. In addition, a defendant's license did not automatically get reinstated after expiration of the suspension period. Instead, the defendant had to apply for reinstatement, show proof of completion of a drug or alcohol program, and pay a fee. Id.

Based on the totality of these circumstances, the court concluded it was not unreasonable for the deputy to believe the defendant had not had his license reinstated. Id. at 913. The court explained, "Contrary to Anderson's argument, Deputy Clemones was not required to *know* that Anderson's license was in suspension; what was required was a reasonable articulable suspicion that Anderson might be driving on a suspended license." Id. The court concluded that such a reasonable suspicion was present. Id.

- 4 -

The trial court conducted a similar analysis in this case. The court explained that the applicable statute[1] required a suspension of five years for a defendant designated as a habitual traffic offender. And the court noted that Valero's license could have been suspended for an additional five years as a result of the arrests in December 2016 and the July 2017. Thus, the court concluded that the lapse of three-and-a-half months between Deputy Pierson's last contact with Valero did not make the deputy's knowledge stale.

We agree that the totality of the circumstances supports a finding of reasonable suspicion. However, we note that the applicable statute also provides eligibility for a business or employment purpose license after twelve months of suspension. §§ 322.27(5)(a), .271(1)(b), Fla. Stat. (2017). That said, this provision does not change the result. The deputy had reason to believe that Valero had his license suspended for another five years for the December 2016 and July 2017 arrests, and he had knowledge that Valero did not have a business or employment purpose license when he was arrested in December 2016 and July 2017. Thus, the trial court did not err in denying Valero's motion to suppress.

Affirmed.

LUCAS and SALARIO, JJ., Concur.

---

[1] § 322.27(5)(a), Fla. Stat. (2017).